### THE MONTROSE.

(District Court, E. D. New York. May 27, 1910.)

1. SHIPPING (§ 80*)—INJURY TO PERSON ON VESSEL—CARE REQUIRED.

A vessel is required to exercise reasonable care not to maintain places which are dangerous to persons coming on board with the permission of those in charge, whether on business or for their own pleasure.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 335; Dec. Dig. § 80.*]

2. SHIPPING (§ 80*)—LIABILITY OF VESSEL FOR INJURY TO VISITOR—OPEN HATCHWAY.

A vessel held not liable for an injury to a person who came on board while she was lying at a pier from falling through an open hatchway in a corner of the deckhouse, not used as a passageway and lighted by open doors on either side.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 335; Dec. Dig. § 80.*]

Suit in admiralty by Albert R. Gomez against the Steam Lighter Montrose, formerly the Annie Laurie. Decree for respondent.

Ullo, Ruebsamen & Yuzzolino, for libelant.

John L. Seager, for claimant.

CHATFIELD, District Judge. The libelant fell through an open hatchway in the deck of the lighter Montrose (formerly the Annie Laurie) while stepping or turning backward in the forward starboard corner of the deckhouse, and just within the front entrance or door. This occurred upon the 16th day of September, 1905, at about 10:30 a. m., when the sun was shining brightly, and while the boat was moored nearly head on to a pier upon which she was to unload a partial cargo of wire. The libelant testified that he had gone upon the vessel to inspect this cargo, and that in the course of his move-

ments for that purpose he stepped backward and through the open hatchway, which was some 2 feet by 2 feet 4 inches.

The claimant offered testimony to show that the libelant came upon the vessel for the purpose of smoking a cigarette, as smoking was not allowed upon the pier. Whatever may have been the libelant's motive for going upon the vessel, it does not affect his rights. If he was allowed upon the vessel, either in connection with his work or in connection with his personal inclinations while performing the work, the persons in charge of the boat would be responsible for his safety in so far as they might be reasonably expected to use care for his protection. No vessel can maintain a trap by which any person rightfully upon the vessel suffers injury, and the libelant was rightfully upon the vessel, whether he went there to carry out his regular duties, or merely by permission of the men in charge of the vessel, as they say, in order to smoke.

It is urged by the libelant that the mere existence of an open hatch in a part of the deck either used or immediately adjacent to a part used for carrying cargo with no coaming or railing around the hatch to prevent a person from stepping therein was negligence on the part of the vessel under the circumstances. Burrell v. Fleming, 109 Fed. 489, 47 C. C. A. 598, and Pioneer S. S. Co. v. McCann, 170 Fed. 873, 96 C. C. A. 49, citing with approval the Kate Cann (D. C.) 2 Fed. 241. It would seem that an open hatchway in a clear deck, and in a place where it cannot be seen, is not a danger which is ordinarily to be expected, and which persons going upon the vessel must be on their guard against at their peril; but, on the contrary, it would also seem that an open hatchway in a deck not intended for use as a passageway, with light coming in on all sides, and in such a position that no one would be near it except when going there deliberately, does constitute an object which any person, whether he be acquainted with boats or not, should be upon the lookout for, in the same way that he should avoid falling over cargo or any other obstruction that might be upon the deck. The place in question was in a corner only rendered dark by contrast with the sunlight passing through the open doors in the front and sides of the barge. The libelant was bound to use due care in stepping into a place out of the bright sunlight where he could not see the place in which he was standing, and especially, as he turned around and stepped backward without examining his surroundings, it does not seem that under such circumstances an open hatchway should be called a trap, and the vessel made responsible therefor.

The claimant has further denied that the injuries in question resulted from the fall, inasmuch as a number of months passed before any indication of the subsequent trouble developed, and they base their contention upon the testimony of their expert that any such disease could not remain latent for the period that existed in the present case. The claimant has also attempted to show that the physical ailments from which Gomez has been suffering were from an entirely distinct cause, having nothing to do with the accident.

Taking these defenses into consideration, and noting that from

the time of the fall until the following year no local indications of inflammation or wound were noticed by the libelant, and considering that his trouble is in no way the direct consequence of a strain or blow, but at the most would have to be considered as some sort of infection, locating itself or being supplied at the point at which the injury was received, it would seem that the libelant has not sustained the burden of proof sufficiently to satisfy the court that the disabilities resulted from the fall in question. But, coupled with the apparent negligence on his part in failing to examine the part of the deck in which the hatchway existed, it must be held that (whether or not the vessel could be held responsible for maintaining such a hatchway, if the fault shown were entirely that of the vessel) the decision must be for the claimant, and the libel should be dismissed, but without costs.